IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| VICTORIA JENKINS,<br>    Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant. | No. 1:16-CV-00416 |

## ORDER

Plaintiff, Victoria Jenkins, requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. In accordance with the provisions of 28 § U.S.C. 636(c), the parties in this case have consented to have a United States Magistrate Judge conduct all proceedings, including trial, entry of a final judgment, and all post-judgment proceedings. The undersigned finds that the administrative law judge's decision lacks reversible error and is supported by substantial evidence. The administrative law judge's decision denying benefits is affirmed.

### I. Judicial Review

Review of Social Security disability cases "is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)); *see generally* 42 U.S.C. § 405(g) (describing and elaborating on the standard for judicial review of decisions of the Commissioner of Social Security). Substantial evidence is "more than a mere scintilla and less than a preponderance." *Perez*, 415 F.3d at 461 (citation and internal quotation marks omitted). It

refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citation and quotation marks omitted). In applying this standard, the court "may not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (internal citation omitted). The court may affirm only on the grounds that the Commissioner stated for his decision. *Cole v. Barnhart,* 288 F.3d 149, 151 (5th Cir. 2002) (per curiam).

In order to qualify for disability benefits, a claimant must suffer from a disability. *See* 42 U.S.C. § 423(d)(1)(A). The Social Security Act defines a disability as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity." *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); *see also* 42 U.S.C. § 423(d)(1)(A). The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The analysis is:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [his] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations ["The Listings"]. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*See Waters*, 276 F.3d at 718 (quoting *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991)); *see generally* § 404.1520. The claimant bears the burden of proof with respect to the first four steps of the five-step analysis. *Waters,* 276 F.3d at 718. If at any step the Commissioner finds that the claimant is or is not disabled, the ALJ need not continue the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Reviewing courts give the Commissioner's decisions great deference. *Id.* at 565-66. Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance. *Elfer v. Texas Workforce Comm'n,* 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995) (stating that the court may not "substitute [its] judgment for that of the Secretary"). When the Commissioner fails to apply correct principles of law, or when substantial evidence does not support the Commissioner's decision, the governing statute authorizes a reviewing court to enter, upon the pleadings and the transcript of the record, a judgment modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. *See* 42 U.S.C. § 405(g). Thus, courts have the power to remand for further administrative proceedings, or they may direct the Commissioner to award benefits without a rehearing. Ordinarily, courts remand for further administrative proceedings to address and cure deficiencies. *See, e.g., Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)

## II. Background

### A. Factual History

Victoria Jenkins is married and was 46 years old at the time of the hearing before the ALJ. She has a high school education and has previously worked as a hairdresser, courtesy booth cashier, an accounts payable clerk, and as an insurance sales representative. She suffers from ulcerative colitis and testified that she has to use the restroom approximately 15 times during a 24 hour period. She complains that she is weak, tired, and fatigued. She has had a colostomy, which has been reversed, but presently suffers from pouch ulcers. She complained that she cannot sleep at night due to her having to use the bathroom numerous times. During the day, she mostly rests

3

and does light housework. She testified that she has difficulty walking because of pressure on her rectum and because of stomach cramping. She can only walk for about 30 minutes and can only sit for 15 minutes at a time before she is uncomfortable. Due to her condition, Jenkins protectively applied for disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 13, 2013 alleging disability beginning July 1, 2011 due to ulcerative colitis.[1] (Tr. 12).

### B. Procedural History

The agency denied Jenkin's application initially and on reconsideration; thereafter she requested an administrative hearing. (Tr. 12). Jenkins and her attorney, Trent Devenzio, attended the administrative hearing in Beaumont, Texas before Administrative Law Daniel E. Whitney ("ALJ Whitney") on March 24, 2015. (Tr. 12).

### C. Administrative Decision

ALJ Whitney utilized the five-step sequential evaluation process, discussed *supra,* in deciding Jenkin's disability claim. (Tr. 12 - 23). At steps one and two, the ALJ found that Jenkins met the insured status requirements through March 31, 2013 and had not engaged in substantial gainful activity since her alleged onset date. (Tr. 14). At steps three and four, he found that Jenkins had severe impairments which included: ulcerative colitis, diabetes, and dysthymic disorder, but concluded that since the alleged onset date of disability, Jenkins has not had an

---

1. Social Security DIB are authorized by Title II of the Social Security Act and provide income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(c) (definition of insured status); 42 U.S.C. § 423(d) (definition of disability). In contrast, SSI benefits are authorized by Title XVI of the Social Security Act and provide an additional resource to the aged, blind and disabled to assure that their income does not fall below the poverty line. 20 C.F.R. § 416.110 (2015). Eligibility for SSI is based on proof of disability and indigence. *See* 42 U.S. C. § 1382c(a)(3) (definition of disability); 42 U.S.C. §§ 1382(a) (financial requirements). Although these are separate and distinct programs, applicants to both programs must prove "disability" under the Act. *See* 42 U.S.C. § 423(d)(1)(A) (disability insurance); 42 U.S.C. § 1382(c)(3)(A) (SSI). The law and regulations governing the determination of disability are the same for both programs. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994).

impairment that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14 - 16).

Next, ALJ Whitney found that *prior to September 1, 2014*, the date that Jenkins became disabled, she retained the residual functional capacity ("RFC") to perform sedentary work, except for: sitting for 6 hours; standing and walking no more than 2 hours; lifting up to 10 pounds frequently; occasionally, climbing, but no climbing ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching, and crawling; limited to simple and detailed but not complex work; and, she would need ready access to a restroom. (Tr. 16 - 20). In making this determination, ALJ Whitney concluded that Jenkin's medically determinable impairments could reasonably cause the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible prior to September 1, 2014, for the reasons provided in the ALJ's decision. (Tr. 17). Based on the residual functional capacity compared with the physical and mental demands of the work, ALJ Whitney determined that Jenkins could have performed past relevant work as an accounts payable clerk, and alternatively, could have performed other jobs in the national economy *prior to September 1, 2014*. (Tr. 21 - 23). Accordingly, ALJ Whitney determined that Jenkins was not disabled during the relevant period. (Tr. 23).

Looking at the period *on and after September 1, 2014*, the ALJ determined that Jenkins had the RFC to perform sedentary work except that she would be limited to: sitting for 6 hours; standing and walking no more than 2 hours; lifting up to 10 pounds frequently; occasionally climbing, but no climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; limited to simple and detailed work but not complex work; she would need ready access to the restroom; and, would require eight to ten 15 minute breaks per day. (Tr.

20). The VE testified that the maximum amount of breaks during the day which would be available for the type of work required by Jenkin's RFC would be two, in addition to a lunch break. The VE further testified that there were no jobs in the national economy which would allow a person to take 8 to 10 fifteen minute restroom breaks during the course of the workday. Relying on the testimony of the vocational expert, the ALJ found that *beginning on September 1, 2014*, there were no jobs in the national economy that Jenkins could perform. (Tr. 23). Therefore, he found that Jenkins was not disabled prior to September 1, 2014, but became disabled on that date and has continued to be disabled through the date of his decision. In conclusion, the ALJ determined that Jenkins was not under a disability within the meaning of the Social Security Act at any time through March 31, 2013, the date of last insured.

Jenkins requested review of the administrative decision, however, the Appeals Council declined review. (Tr. 1 - 6). Therefore, the ALJ's decision serves as the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g).

### III. Legal Analysis

**Issue One: Did substantial evidence support the ALJ's decision that Jenkins was not disabled prior to September 1, 2004?**

Jenkins argues that there is no substantial evidence to support the ALJ's conclusion that she could work before March 31, 2013. She argues that her restroom usage was just as frequent before March 31, 2013 as it was after the date of her disability as found by the ALJ (September 1, 2014). She notes that the VE testified that the maximum number of breaks that an employee can take and still maintain employment is two and she contends that there is no substantial evidence to support the ALJ's finding that her bathroom usage before the date of last insured did not preclude full employment. Jenkins also contends that the ALJ violated Social Security Ruling 96-

8p by failing to consider the effects of her bathroom usage on her ability to work prior to March 31, 2013. The Commissioner argues that substantial evidence supports the ALJ's RFC determination and that the ALJ properly found that the totality of the evidence did not support the bathroom restriction as of March 31, 2013.

The Fifth Circuit has held that "substantial evidence" means less than a preponderance of the evidence, but "more than a scintilla of evidence." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). The court must uphold the ALJ if the agency's decision is supported by less than a preponderance, even if the judge would have decided in favor of the claimant if the judge had the right to draw his or her own factual conclusions. *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990). Simply put, the court must review the record, but may not reweigh the evidence nor substitute its judgment for the Commissioner's. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). Where substantial evidence supports the agency, the decision must be affirmed, even if substantial evidence also supports the opposite conclusion. *See Lopez v. Bowen*, 806 F.2d 632, 634 (5th Cir. 1986).

As stated above, the ALJ concluded that the evidence of record did not support the extent and the severity of Jenkins' alleged limitations prior to September 1, 2014. Going through the medical records, the ALJ noted that Jenkins received medical care in December 2011 for diabetes and received regular care from her gastroenterologist. It was noted that her diarrhea, nausea and cramping were persistent despite taking the medications prednisone and Asacol. However, the ALJ noted that the records indicated that she started Remicade injections and had marked improvement in November 2011. In January 2012, the ALJ noted that Jenkins reported having only one to two formed stools per day with no abdominal pain, cramping or diarrhea. The records indicated that she received care again in May 2012 and reported no abdominal pain or cramping.

7

The ALJ noted that although the treatment notes from May 2013 indicated she had five to six bowel movements daily, by August 2013 the number of bowel movements were noted to be reduced to two or three per day with none at night. The ALJ noted that the records indicated that her gastrointestinal problems reported in February 2014 entailed only heartburn. In addition, after her laparoscopic protectomy, the medical notes indicated that she has been making steady progress; was experiencing a little drainage from the rectum; and was improving steadily. Further, it was reported in May and June 2014 that that she was experiencing occasional brown discharge but was otherwise doing well.

In conclusion, the ALJ found that Jenkins reported much less severe symptoms prior to September 1, 2014 and then only periodically. The ALJ opined that the office visit notes reflect numerous occasions where Jenkins did not allege the frequency of bowel movements mentioned in the hearing and there were numerous office visits wherein Jenkins was reportedly doing well and no related symptoms were reported. (Tr. 19). The ALJ noted that while Jenkins did in fact have surgeries for the impairment, the surgeries were generally successful in relieving the symptoms until September 2014 (after the date of last insured), whereupon she continued to have difficulties after attempting treatment via medication. The ALJ further went on to note that the record did not contain any opinions prior to September 1, 2014 from treating or examining physicians indicating that Jenkins was disabled or had limitations greater that those determined in his decision.

This court acknowledges that Ms. Jenkin's impairment has become severe and disabling at the present time and she cannot keep and maintain employment. However, the issue to be decided by this court is whether the ALJ's determination of non-disability during the relevant time period was supported by substantial evidence in the record. This court cannot not re-weigh the evidence

to come to an opposite conclusion. Therefore, this court finds that the ALJ's determination was supported by substantial evidence, as set forth above.

The court accordingly concludes that the Commissioner did not err in his decision denying Jenkins' application for disability benefits. The undersigned therefore affirms the Commissioner's decision and orders that Jenkins' complaint be dismissed.

**SIGNED this the 6th day of February, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE